IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SHAUN MARTIN,<br><br>　　　　Petitioner/Plaintiff,<br><br>　　v.<br><br>JIM NORD, ET AL.,<br><br>　　　　Respondents/Defendants.<br>_____/ | No. C 10-80194 SI<br><br>**ORDER TO SHOW CAUSE RE:<br>FEDERAL JURISDICTION** |

　　　　Matthew Shaun Martin has filed a Notice of Removal of an action from the Napa County Superior Court. From the face of the documents submitted by Mr. Martin, it appears that the action was improperly removed, as this Court lacks jurisdiction over Mr. Martin's claims.

　　　　First, Mr. Martin cites diversity jurisdiction under 28 U.S.C. § 1332 as a basis for removal. He also alleges, however, that all parties to the action are citizens of California, meaning there is no diversity of citizenship. Second, the Court was unable to identify any federal issue that might give rise to federal question jurisdiction under 28 U.S.C. § 1331. Although Mr. Martin states in the caption of his filing that this is a "Title 42 U.S.C. § 1983 Claim for Denial of Constitutional Rights," he nowhere identifies a basis for any constitutional claim. It appears that what Mr. Martin seeks is to appeal an adverse decision by the state courts. It is well-settled, however, that federal district courts do not have appellate jurisdiction to review the decisions of state courts. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). Moreover, to the extent Mr. Martin seeks to bring a Section 1983 claim for damages or injunctive relief against the state court judges who ruled on his case, that claim appears to be barred by judicial immunity. *See Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734-35 (1980) ("[J]udges defending against § 1983 actions enjoy absolute immunity from damages

liability for acts performed in their judicial capacities."); *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) ("Section 1983 . . . contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity.").

Accordingly, the parties are hereby **ordered to show cause in writing, to be filed no later than ten days from the date of this order,** whether there is any basis for federal jurisdiction over this action. If the Court does not receive any response, this action will be remanded to the Napa County Superior Court for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: August 25, 2010

SUSAN ILLSTON
United States District Judge